Chief Peter A. Petracco Boca Raton Police Department 100 Northwest Boca Raton Boulevard Boca Raton, Florida 33432-3704
Dear Chief Petracco:
You ask substantially the following question:
 Does the installation and operation of police band radio monitors by persons other than radio or television stations violate the provisions of s. 843.16, F.S.?
In sum, I am of the opinion that:
 The installation of a police band radio monitor in a business establishment or motor vehicle, except in emergency or crime watch vehicles or in a place established by federal, state, county or municipal government for governmental purposes, by a person other than a radio or television station or a holder of a valid amateur radio operator or station license issued by the Federal Communications Commission, violates s. 843.16, F.S.
It is assumed for purposes of this inquiry that a police band radio monitor is frequency modulation radio receiving equipment adjusted or tuned to receive messages or signals on frequencies assigned by the Federal Communications Commission to state or local law enforcement agencies.
Section 843.16(1), F.S., provides:
 No person, firm, or corporation shall install in any motor vehicle or business establishment, except an emergency vehicle or crime watch vehicle as herein defined or a place established by municipal, county, state, or federal authority for governmental purposes, any frequency modulation radio receiving equipment so adjusted or tuned as to receive messages or signals on frequencies assigned by the Federal Communications Commission to police or law enforcement officers of any city or county of the state or to the state or any of its agencies. Provided, nothing herein shall be construed to affect any radio station licensed by the Federal Communications System.
Any person, firm or corporation violating the provisions of s.843.16, F.S., is guilty of a misdemeanor of the second degree, punishable as provided in ss. 775.082 or 775.083, F.S.[1]
The statute thus prohibits the installation of radio equipment using the assigned frequencies of state and local law enforcement officers in business establishments or motor vehicles. The term "installation" is not defined in the statute. However, this office has stated that the term contemplates that the unit be connected to a power source and have need of an external antenna capable of rendering the unit functional. Thus, this office concluded that the elements of "installation," for purposes of s. 843.16, F.S., would be present when:
 The radio unit is in some way connected to and dependent upon the motor vehicle's electrical power system; and the radio unit is connected to an independent and external antenna capable of receiving broadcasts of law enforcement agencies.
 As to the installation of such equipment in a business establishment, the above-mentioned requirements would likewise apply except that the connection to a power source could be accomplished merely by plugging the unit into an electrical wall outlet.[2]
The statute recognizes several exceptions. Emergency vehicles[3]
and crime watch vehicles[4] are expressly excluded from the statute.[5] Places established by the state, county, municipal or federal government for governmental purposes are also exempted.[6]
Section 843.16, F.S., provides that nothing contained therein shall be construed to affect any radio station licensed by the Federal Communications System.[7] This office has stated that this exemption applies to television stations as well as to radio stations.[8] In addition, holders of valid amateur radio operator or station licenses issued by the Federal Communications Commission are expressly exempted from the terms of the statute.[9]
Accordingly, I am of the opinion that if such radio equipment is installed in a nonemergency or noncrime watch motor vehicle or in a business establishment which is not a place established by municipal, county, state or federal authorities for governmental purposes, the installation by a person other than a radio or television station or holder of a valid amateur radio operator or station license issued by the Federal Communications Commission, violates s. 843.16, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 843.16(4), F.S. And see, s. 775.082(4)(b), F.S., stating that a person who has been convicted of a designated misdemeanor of the second degree may be sentenced by a definite term of imprisonment not exceeding 60 days; and s. 775.083, F.S., authorizing the imposition of a fine not to exceed $500 for the conviction of a second degree misdemeanor.
[2] Attorney General Opinion 74-369. Since AGO 74-369 was issued, s. 843.16, F.S., has only been amended once to authorize the installation of radio equipment capable of receiving law enforcement messages in crime watch vehicles. See, Ch. 86-55, Laws of Florida.
[3] See, s. 843.16(2)(a), F.S., defining "Emergency vehicle" to mean:
 1. Any motor vehicle used by any law enforcement officer or employee of any city, any county, the state, the Federal Bureau of Investigation, or the Armed Forces of the United States while on official business; 2. Any fire department vehicle of any city or county of the state or any state fire department vehicle; 3. Any motor vehicle designated as an emergency vehicle by the Department of Highway Safety and Motor Vehicles when said vehicle is to be assigned the use of frequencies assigned to the state; 4. Any motor vehicle designated as an emergency vehicle by the sheriff of any county in the state when said vehicle is to be assigned the use of frequencies assigned to the said county; 5. Any motor vehicle designated as an emergency vehicle by the chief of police of any city in the state when said vehicle is to be assigned the use of frequencies assigned to the said city.
[4] See, s. 843.16(2)(b), F.S., defining "Crime watch vehicle" to mean: Any motor vehicle used by any person participating in a citizen crime watch or neighborhood watch program when such program and use are approved in writing by the appropriate sheriff or chief of police where the vehicle will be used and the vehicle is assigned the use of frequencies assigned to the county or city. Such approval shall be renewed annually.
[5] Section 843.16(1), F.S.
[6] Id.
[7] Id.
[8] Attorney General Opinion 60-31. While the statute has been subsequently amended, see, s. 1, Ch. 86-55; s. 1049, Ch. 71-136 and ss. 24 and 35, Ch. 69-106, Laws of Florida, the pertinent language exempting radio stations licensed by the Federal Communications System has not changed.
[9] Section 843.16(3), F.S. And see, AGO 74-369 stating that a holder of a valid amateur radio operator's license issued by the Federal Communications Commission does not violate s. 843.16, F.S., when he is using equipment contemplated in the statute installed in his business establishment with the volume turned up high enough so that his customers can hear the broadcasts: [I]n order to run afoul of [the statute's] provisions one would have to: Install the equipment and tune it to the police broadcasts. In this particular situation the owner, having a valid license, is exempt from its application, and those customers merely hearing the broadcast have neither installed the equipment nor tuned it to the prohibited frequencies.